IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ROBERT JOSEPH FIORE, II, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:15CV53 |
| | ) | |
| DONNA FAYCO, et al., | ) | |
| | ) | |
| Defendant(s). | ) | |

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina, submitted a civil rights action pursuant to 42 U.S.C. § 1983. The form of the Complaint is such that serious flaws make it impossible to further process the Complaint. The problems are:

1. The filing fee was not received nor was a proper affidavit to proceed *in forma pauperis* submitted, with sufficient information completed or signed by Plaintiff, to permit review.

2. Plaintiff does not appear to state any viable claim for relief. Plaintiff alleges that his former girlfriend placed her ten-year-old daughter between them in bed, with the girl's head toward the foot of the bed while Plaintiff slept, and that his girlfriend did this despite knowing that Plaintiff was nude at the time. Plaintiff alleges that his girlfriend then later filed child rape charges against Plaintiff. Plaintiff contacted the Rowan County Department of Social Services about the incident. That agency investigated and sent Plaintiff a letter, which he attaches to his Complaint, stating that "[t]here was sufficient evidence to substantiate the report," but that "[t]he children are no longer at risk; therefore, this case will be closed." Plaintiff complains that the investigation did not result in a loss of custody for his former girlfriend, and further complains that the letter implies that "the threat is no longer in the home," thereby implying that he was the "threat." He attempts to state claims against supervisors at the Department of Social Services. However, Plaintiff does not explain what federal constitutional or

statutory right he would have to any investigation into the safety and welfare of another person's child. Moreover, to the extent he disputes factual assertions that are part of the present state charges against him, that state criminal case is proceeding, and those matters are not properly before this Court.

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects of the present Complaint. To further aid Plaintiff, the Clerk is instructed to send Plaintiff new § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Plaintiff § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

IT IS RECOMMENDED that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects cited above.

This, the 19th day of May, 2015.

/s/ Joi Elizabeth Peake
United States Magistrate Judge